**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Valerie Kate Osler,

Plaintiff,

v.

Enterprise Holdings, Inc. d/b/a Enterprise Rent-A-Car and International Brotherhood of Teamsters Local 986,

Defendants.

Case No. 2:26-cv-00860-APG-DJA

**Order**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 8). Plaintiff has filed a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. The Court further screens Plaintiff's complaint and finds her claims sufficient to proceed.

**I. *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 8). Plaintiff's income does not exceed her expenses. So, the Court finds that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II. Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III. Screening the complaint.**

Plaintiff sues her former employer, Enterprise Holdings, Inc. d/b/a Enterprise Rent-A-Car and her labor union, International Brotherhood of Teamsters Local 986 (the "Union"). She alleges that she worked for Enterprise from April 23, 2024, until September 4, 2025. She asserts that at all relevant times she was a member of a bargaining unit represented exclusively by the Union. She adds that her employment was governed by a collective bargaining agreement ("CBA") requiring "just cause" for discipline and termination and establishing grievance procedures.

In February of 2025, Plaintiff "raised workplace concerns affecting terms and conditions of employment." On February 21, 2025, Plaintiff emailed Union Representative Alma Koo "regarding a workplace incident and attached supporting documentation." On April 7, 2025, Plaintiff "emailed both Employer HR and the Union raising concerns regarding inconsistent workplace standards." On April 18, 2025, Plaintiff was required to attend a meeting with Enterprise management and a Union representative. Plaintiff alleges that her "concerns were not addressed, and the meeting reflected hostility toward Plaintiff's complaints." She claims that "[t]hereafter, discipline against [her] escalated."

On May 20, 2025, Plaintiff "raised concerns regarding denial of breaks and scheduling practices." On July 17, 2025, Plaintiff "escalated concerns to senior management." From July 25 through July 27, 2025, Plaintiff was suspended without pay. She was suspended again on September 2, 2025, and terminated on September 4, 2025. Enterprise asserted "attendance" as the basis for Plaintiff's termination. Plaintiff asserts that this basis was pretextual and inconsistent with her payroll records, the CBA, and "protected leave." Plaintiff adds that Enterprise misapplied Article 10, Section 6 of the CBA and improperly assessed attendance

points. So, Plaintiff asserts that her termination was without just cause and in violation of the CBA.

Plaintiff asserts that she repeatedly requested the Union's "assistance and grievance processing," presumably in connection with her termination. On September 15 and 16, 2025, the Union communicated with Enterprise regarding Plaintiff's situation prior to filing any grievance. On September 16, 2025, the Union "refused to substantively engage with Plaintiff regarding her termination." Plaintiff asserts that the Union failed and refused to file a grievance, relied exclusively on information provided by Enterprise, and conducted no independent investigation. Plaintiff asserts that she continued to seek assistance, presumably from the Union, on December 5, 2025, and January 5, 2026, but the Union failed to respond to her requests. Plaintiff asserts that the Union's conduct was arbitrary, perfunctory, and in bad faith.

Plaintiff asserts that her complaint is timely because she did not have "clear and unequivocal notice of the Union's final refusal to represent her on September 16, 2025." "Plaintiff asserts that the Union's conduct following that date—including continued silence, failure to respond to repeated written requests, and failure to formally close or process Plaintiff's grievance—reasonably led Plaintiff to believe that representation remained possible." Plaintiff asserts that the Union's failure to respond to her communications constituted an "ongoing and continuing breach of its duty of fair representation." So, Plaintiff asserts that her claim "accrued, at the earliest, when it became clear that the Union would take no action in response to Plaintiff's final requests for representation." Plaintiff does not state when that date was.

Plaintiff initiated this lawsuit on March 23, 2026. Plaintiff brings the following counts: (1) breach of collective bargaining agreement against Enterprise; (2) breach of duty of fair representation against the Union; and (3) a hybrid claim against both defendants. Plaintiff seeks damages and reinstatement. For the reasons outlined below, Plaintiff's first and second counts can be referred to collectively as a "hybrid" action and so her third count is redundant.

***A. Hybrid actions.***

Where a breach of a CBA is alleged, a plaintiff may generally bring one of two types of claims. *Vaca v. Sipes*, 386 U.S. 171, 185-187 (1967). First, a plaintiff may bring what is often

termed a "straightforward" claim arising under § 301 of the Labor Management Relations Act alleging a breach of the CBA against her employer without accompanying allegations that a union breached its duty of fair representation. *Greer v. Pac. Gas & Elec. Co.*, 265 F. Supp. 3d 1053, 1068 (E.D. Cal. 2017) (citing *Vaca*, 386 U.S. 171 (explaining the difference between a straightforward breach of contract suit claim asserted under § 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)) and a hybrid § 301/fair representation claim)). A straightforward § 301 claim is brought "directly" against an employer and involves the employee's "uniquely personal rights" including "wages, hours, [o]vertime pay, and wrongful discharge." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 511 (9th Cir. 1978) (citing *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976)). However, before bringing such a claim, "an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement ..." and "[s]ubject to very limited judicial review, he will be bound by the result according to the finality provisions of the agreement." *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 163-64 (1983).

Second, plaintiffs may bring a lawsuit alleging breach of a CBA, regardless of a final and binding dispute resolution process in the CBA, if they also allege that the Union breached its duty of fair representation. *Id.* (stating that "[i]n *Vaca* [*v. Sipes*, 386 U.S. 171 (1967)] and *Hines* [*v. Anchor Motor Freight*, 424 U.S. 554 (1976)] ... we recognized that ... [exhaustion] works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding"). This type of claim is referred to as a "hybrid" § 301 claim. *Id.* at 165 (explaining that "[t]he employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both. The suit is thus not a straightforward breach of contract suit under § 301, ..., but a hybrid § 301/fair representation claim."). Unlike a straightforward § 301 claim, judicial review of a hybrid § 301 claim is not precluded when an

employee fails to exhaust the dispute resolution process in the CBA. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 986 (9th Cir. 2007).

The sixth month statute of limitations in § 10(b) of the National Labor Relations Act governs hybrid claims. *See DelCostello*, 462 U.S. at 170-72. A hybrid action accrues on the date the union representative informs the employee that the union will not pursue a grievance on the employee's behalf. *Harris v. Alumax Mill Products, Inc.*, 897 F.2d 400, 404 (9th Cir. 1990); *see Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986) (the statute of limitations "beings to run when an employee knows or should know of the alleged breach of duty of fair representation").

Here, while close, Plaintiff alleges just enough facts to survive screening. Plaintiff alleges that Enterprise breached the CBA by terminating her for attendance issues, even though that was inconsistent with her records. Plaintiff also alleges that the Union refused to file a grievance on her behalf following the termination and instead accepted Enterprise's version of events without question. She also alleges that the Union's failure to respond to her or formally close her grievance led her to believe that it might still represent her. It was not until the Union failed to respond to her January 5, 2026, request for representation that she understood that the Union breached its duty to her. Plaintiff then filed her complaint a little over three months later. The Court therefore permits Plaintiff's claims against Enterprise and the Union to proceed.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 8) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket and issue summonses to: (1) Enterprise Holdings, Inc. d/b/a Enterprise Rent-a-Car; and (2) International Brotherhood of Teamsters Local 986.

**IT IS FURTHER ORDERED** that Plaintiff's hybrid claims against Enterprise and the Union shall proceed.

**IT IS FURTHER ORDERED** that because Plaintiff is proceeding *in forma pauperis* under 42 U.S.C. § 1915, she is entitled to rely on the United States Marshal's Service ("USMS") for service. Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the USMS for service: (1) the summonses issued to Enterprise Holdings, Inc. d/b/a Enterprise Rent-a-Car and International Brotherhood of Teamsters Local 986; (2) a copy of the complaint; and (3) a copy of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to Plaintiff: (1) a copy of this order; and (2) two copies of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **December 21, 2026,** to complete the Form USM-285 and send that completed form to the USMS.

**IT IS FURTHER ORDERED** that, upon receipt of Plaintiff's Form USM-285, the USMS shall attempt service on the defendant.

**IT IS FURTHER ORDERED** that within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that service must be perfected on or before **February 17, 2027**. *See* Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon defendant(s), or if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the

document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

DATED: November 19, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE